UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| EXCEDIS CORPORATION, a Nevada limited liability company, | ) ) ) | 3:16-cv-00514-HDM-WGC |
| Plaintiff, | ) ) | **MINUTES OF THE COURT** |
| vs. | ) ) ) | September 20, 2016 |
| EDWARD BOLLMAN, et al., | ) ) | |
| Defendants. | ) ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  KATIE LYNN OGDEN  </u>    REPORTER:  <u>NONE APPEARING     </u>

COUNSEL FOR PLAINTIFF(S):  <u>NONE APPEARING                         </u>

COUNSEL FOR DEFENDANT(S):  <u>NONE APPEARING                       </u>

**MINUTE ORDER IN CHAMBERS:**

     Before the court is the motion of Adam McMillen, Esq., and Brownstein Hyatt Farber Schreck, LLP, law firm to withdraw as counsel for Plaintiff Excedis Corporation (ECF No. 11). Accompanying counsel's motion is a Declaration of Counsel which indicates Plaintiff Excedis Corporation has terminated its relationship with the Brownstein Hyatt Farber Schreck, LLP, law firm.  Good cause appearing, therefore, counsel's motion (ECF No. 11) is **GRANTED**.

     Although 28 U.S.C. § 1654 allows "parties" to "plead and conduct their own cases personally," the statute has not been interpreted to allow corporate entities to do so.  "Corporations and other unincorporated associations must appear in court through an attorney."  *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (citations omitted).  This rule "prohibits *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."  *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (trustee may not appear *pro se* because he is not the person who by substantive law has the right sought to be enforced).

/ / /
/ / /

MINUTES OF THE COURT
3:16-cv-00514-HDM-WGC
Date:  September 20, 2016
Page Two
_____


As Judge Hicks noted in *HDR Insurance Managers, LLC v. Summit Insurance Services, Inc.*, No. 2:09-cv-0380-LRH-GWF (D. Nv. 2011),

> It is well recognized that a corporation may only appear in federal court through licensed counsel. *See e.g., Rowland v. California Mens Colony, Unit II Mens' Advisotry Council*, 506 U.S. 194, 200-201 (1983); *In re Highley*, 459 F.3d 554, 555 (9th Cir. 1972).

**THEREFORE, IT IS ORDERED** that Plaintiff Excedis Corporation shall file a substitution of counsel within thirty (30) days of this order, i.e., on or before **Thursday, October 20, 2016.** The failure to find replacement counsel will likely result in a dismissal of the Excedis action.

**IT IS FURTHER ORDERED** that a copy of this order and all documents filed until Plaintiff obtains counsel shall be served on Excedis Corporation, via regular mail at the following address:

> Excedis Corporation
> 4950 Wedekind Road, Suite 2
> Sparks, Nevada 89703-4290

**IT IS SO ORDERED.**


LANCE S. WILSON, CLERK

By: _____/s/_____
        Deputy Clerk