UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EXCEDIS CORPORATION, a Nevada limited liability company,

Plaintiff,

vs.

EDWARD BOLLMAN, *et al.*,

Defendants.

3:16-cv-00514-HDM-WGC

**ORDER**

Re: ECF No. 92

Before the court is the Motion to Withdraw as Counsel filed by Attorney Elizabeth Stallard, Esq., and her law firm, Downey Brand, LLP, attorneys for Plaintiff/Counterdefendant Excedis Corporation, and Third Party Defendants Thomas Ripley, Patrick Hogan, Jean Hogan and Catherine Ripley (ECF No. 92).

Defendants/Counterclaimants Edward Bollman and James Kerr filed a "Limited Opposition" to the Motion to Withdraw (ECF No. 94). Excedis Corporation ("Attn: Jean Hogan") filed a Declaration (ECF No. 95), which requests that the court set the Stallard/Downey Brand motion for a hearing "in which all parties would have an opportunity to be heard." (*Id.*, at 2.) The Declaration reflects service upon Ms. Stallard/Downey Brand. The document also appears on the court's docket which means other counsel of record in this matter would have been served as well (i.e., Albert Thuesen, III, Esq., and Coit Law Group). Similar Declarations (and requests for a hearing) were filed by Ms. Hogan individually (ECF No. 96), by Patrick Hogan (ECF No. 97) and by Catherine Mead (ECF No. 98).[1]

---

[1] Under LR 11-6(d), a party who is represented by counsel is not permitted to file documents individually with the court. The court stated, however, that the court would not strike the filings of Excedis (ECF No. 95), Ms. Hogan (ECF No. 96), Mr. Hogan (ECF No. 97) and Catherine Mead (ECF No. 98).

The court conducted a hearing on counsel's motion on May 7, 2018. Appearing by telephone were Elizabeth Stallard, Esq., Albert L. Thuesen, III, Esq., Patrick Hogan, and Jean Hogan. Ms. Mead and Mr. Riley did not participate.

The court commenced its review of the Stallard/Downey Brand motion which the court noted was predicated upon former Nevada Rule of Professional Conduct (NRPC) 166, which was superseded in 2006 by Rule 1.16 (which is the same rule as ABA Model Rule 1.16). Even though counsel cited an outdated rule, nevertheless former Rule 166 and current Rule 1.16 are substantially similar.

While counsel (Attorney Stallard) was reluctant to provide specifics about the basis for the requested withdrawal, Ms. Stallard represented the primary basis for her and the firm's request to be relieved as counsel of record was the failure of her clients to fulfill their financial obligation to Downey Brand/Stallard.

The court thereupon requested Attorney Thuesen (counsel for Defendants/Counterclaimants and Third Party Plaintiffs Edward Bollman and James Kerr) to terminate his involvement in the court's status conference, which he did. The court thereafter continued discussions with Ms. Stallard, Mr. Hogan and Ms. Hogan about the grounds for the requested withdrawal of counsel. The court advised Mr. Hogan and Ms. Hogan that the court found there was good cause for granting the motion to withdraw. This portion of the proceedings was sealed, and Mr. Thuesen was thereafter requested to resume participation in the conference, which he did. The court advised Mr. Thuesen of the court's ruling on granting the motion to withdraw.

Ms. Stallard was instructed by the court to provide Mr. Thuesen with contact information for the Plaintiff Excedis Corporation and Third Party Defendants Ripley, Mead and the Hogans.

The court reminded the participants in the hearing that while the individually named parties formerly represented by Ms. Stallard/Downey Brand could appear *pro se* (i.e., representing themselves), Excedis Corporation could not proceed without counsel. The court advised the parties of the rule of the federal courts that a corporation may only appear in federal court through licensed counsel. *Rowland v. California Mens Colony, Unit II Mens' Advisory Council*, 506 U.S. 194, 200-201 (1983); *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *HDR Insurance Managers, LLC v. Summit Insurance Services, Inc.*, No. 2:09-cv-0380-LRH-GWF (D. Nev. 2011); *Jones v. All American Auto*

1 | *Protection, Inc.*, 2015 WL 5255205 (No. 3:14-cv-00199-LRH-WGC, D. Nev. 2015).

The court will allow Excedis Corporation until **Friday, June 8, 2018**, to secure and retain substitute counsel. If no attorney has entered an appearance by that date, Defendants/Counterclaimants/Third Party Plaintiffs Bollman and Kerr may seek what relief they deem appropriate under the circumstances.

The court advised the parties the case deadlines established by the court at the discovery conference conducted on April 16, 2018 (ECF No. 91) would remain intact.

The Clerk is directed to serve this Order via CM/ECF and upon Plaintiff Excedis and Third Party Defendants Thomas Hogan, Patrick Hogan, Jean Hogan and Catherine Mead. Attorney Stallard is directed to serve this Order upon Third Party Defendant Thomas Ripley.

**IT IS SO ORDERED.**

DATED: May 8, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE