# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EXCEDIS CORPORATION, a Nevada limited liability company, | 3:16-cv-00514-HDM-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| EDWARD BOLLMAN, an individual, JAMES KERR, an individual, *et al.*, | |
| Defendants. | |
| EDWARD BOLLMAN, an individual, and JAMES KERR, an individual, | |
| Counterclaimants, | |
| vs. | |
| EXCEDIS CORPORATION, a Nevada limited liability company, | |
| Counterdefendant. | |
| EDWARD BOLLMAN, an individual, and JAMES KERR, an individual, | |
| Third Party Plaintiffs, | |
| vs. | |
| THOMAS RIPLEY, an individual, PATRICK HOGAN, an individual, JEAN HOGAN, an individual, CATHERINE A. MEAD, an individual, | |
| Third Party Defendants. | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

The issue before the court is the failure of Plaintiff Excedis Corporation, a corporate entity, to secure substitute counsel after its attorneys were allowed to withdraw. The court recommends dismissal without prejudice of Plaintiff Excedis' complaint (ECF No. 1, Ex. 1) and to strike Excedis' Answer (ECF No. 22) to the Bollman-Kerr Counterclaim (ECF No. 7) for reasons set forth in this Report and Recommendation.

## I. BACKGROUND

Third Party Defendants Thomas Ripley and Patrick Hogan founded Excedis Corporation in May 2013. Ripley and Hogan through Plaintiff Excedis Corporation hired Defendants Edward Bollman and James Kerr as consultants in March and June 2013, respectively. In its complaint, Plaintiff Excedis Corporation claimed the Defendants breached their contract by not performing the services agreed upon. (ECF No. 1, Ex 1 at 7–12.) Defendants Bollman and Kerr answered and counterclaimed against Excedis and filed a third party action against Excedis principals Ripley, Patrick Hogan, Jean Hogan and Catherine Mead seeking reimbursement for unpaid wages for work performed during 2013 for Excedis and its principals. (ECF No. 7.)

On May 8, 2018, the court granted the withdrawal of Attorney Elizabeth Stallard and law firm Downey Brand, LLP, who were representing Excedis and Third Party Defendants. (ECF No. 92.) After Plaintiff's prior counsel withdrew from this case, the court advised the individual principals associated with Excedis that a corporation may not proceed *pro se* in federal court nor may a principal of a corporation do so unless he or she is a licensed attorney. (ECF No. 101.)

The court provided Plaintiff Excedis Corporation a deadline of June 8, 2018, to secure counsel to represent the corporate entity. (ECF No. 101.) Before the deadline, Jean Hogan "representing" Excedis Corporation, filed a Motion for Extension of Time to Secure and Retain Substitute Counsel. (ECF No. 107.) Defendant's filed a response opposing the extension. (ECF No. 108.) The court granted the motion for extension of time in part, extending the deadline to June 29, 2018 (ECF No. 111), for

Excedis to secure replacement counsel.

The court is issuing this Report and Recommendation because as of this date Excedis has failed to secure and retain substitute counsel. The court recommends dismissal without prejudice of Plaintiff Excedis' complaint (ECF No. 1, Ex. 1) and to strike Excedis' Answer to the Counterclaim (ECF No. 22).

Third Party Defendants Thomas Ripley, Patrick Hogan, Jean Hogan, and Catherin Mead are proceeding *pro se*. Deadlines established by the court on April 16, 2018, are still applicable. (ECF No. 91; ECF No. 101.) This Report and Recommendation would not directly impact the third party action of Defendants/Counterclaimants/Third Party Plaintiffs Bollman and Kerr.

## II. LEGAL STANDARD

The Ninth Circuit has stated a plaintiff corporation may appear in federal court only with a licensed attorney. *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). A corporation cannot proceed pro se. *Id.* Furthermore, the Supreme Court has held that 28 U.S.C. § 1654, stating an individual can conduct his or her own case personally, is not applicable to corporations. *Rowland v. Cal. Mens Colony, Unit II Mens' Advisory Council*, 506 U.S. 194, 202 (1983). Thus, a corporation cannot appear in federal court unless through a licensed attorney. *Id*. Plaintiff Excedis is a corporation and was advised of this rule (referencing the following cases: *Rowland v. Cal. Mens Colony, Unit II Mens' Advisory Council*, 506 U.S. 194, 200-201 (1983); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *HDR Ins. Managers, LLC v. Summit Ins. Serv., Inc.*, 2011 WL 1336402 (No. 2:09-cv-0380-LRH-GWF (D. Nev. 2011)); *Jones v. All Am. Auto Protection, Inc.*, 2015 WL 5255205 (No. 3:14-cv-00199-LRH-WGC, D. Nev. 2015)). (ECF No. 101.)

As of the date of this Report and Recommendation, no attorney has appeared on behalf of Excedis Corporation.

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DISMISSING** Plaintiff Excedis' complaint (ECF No. 1, Ex. 1) without prejudice and to **STRIKE** Excedis' Answer to the Bollman-Kerr Counterclaim (ECF No. 7) because Plaintiff Excedis failed to secure substitute counsel within the permitted time designated by the court.

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: July 9, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE